**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 6:12-cr-00002-9** |
| | ) | |
| **v.** | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **JAMES CALVIN BOYD,** | ) | **By: Norman K. Moon** |
| Petitioner. | ) | **United States District Judge** |

James Calvin Boyd, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Boyd has responded, making this matter ripe for consideration. After reviewing the record, I conclude that the government's motion to dismiss must be granted and Boyd's § 2255 motion must be dismissed as untimely.

**I.**

On January 25, 2012, a federal grand jury charged Boyd with conspiracy to receive, distribute, possess, or attempt to receive, distribute, or possess child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On November 5, 2012, Boyd pleaded guilty pursuant to a written plea agreement. Plea Agree. at 1, ECF No. 146. The Presentence Investigation Report ("PSR") recommended a total offense level of 30, which was comprised of a base offense level of 22 with additional levels added due to the age of the minors involved and the conduct depicted in the child pornography, as well as the number of images and the use of a computer. PSR ¶¶ 40-53. The PSR recommended a guideline imprisonment range of 97 to 121 months. *Id.* ¶ 79. Boyd did not make any substantive objections to the PSR.

On March 19, 2013, I sentenced Boyd to 97 months' incarceration. Judgment at 2, ECF No. 202. Boyd did not appeal. On June 24, 2016, Boyd filed this § 2255 motion alleging that I imposed an unconstitutional sentence in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563

(2015). The Federal Public Defender's Office was appointed to represent Boyd and provide supplemental briefing, if necessary, in light of *Johnson*, pursuant to Standing Order 2015-5. The Federal Public Defender's Office declined to file any additional pleadings on Boyd's behalf. Notice at 1, ECF No. 268.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Boyd bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a person convicted of a federal offense must file a § 2255 motion within one year from the date that the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). However, a petitioner asserting a claim in a § 2255 motion that relies on a recent Supreme Court decision may file within one year from the date of that decision if the decision recognizes a new right and is made retroactively applicable to cases on collateral review. *Id.* § 2255(f)(3).

Boyd did not file within one year of his final judgment, which was entered on March 19, 2013, and so his claim is untimely under § 2255(f)(1). In addition, Boyd's petition is untimely under § 2255(f)(3). Although he filed his § 2255 motion within one year of the Supreme Court's decision in *Johnson*, which was issued on June 26, 2015, and which applies retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), *Johnson* has no

applicability to Boyd's case.  Accordingly, his motion does not "rely" on the Supreme Court precedent and must be dismissed as untimely.

Boyd claims that his conviction for conspiracy to receive, distribute, or possess, or attempt to receive, distribute or possess child pornography is no longer valid following *Johnson*. This claim is wholly without merit.

*Johnson* addressed when certain defendants may receive an enhanced sentence under the Armed Career Criminal Act ("ACCA").  Federal law prohibits convicted felons from possessing firearms.  18 U.S.C. § 922(g).  Defendants who violate this law are subject to a term of up to ten years' imprisonment.  18 U.S.C. § 924(a)(2).  However, when defendants have three or more prior convictions for "serious drug offenses" or "violent felonies," the ACCA increases their punishment to a minimum of fifteen years' imprisonment and a maximum of life.  18 U.S.C. § 924(e)(1).  *Johnson* limited the types of predicate convictions that qualify as "violent felonies," and therefore allows for fewer enhanced sentences under the ACCA for defendant convicted of § 922(g) charges.

Boyd did not plead guilty to a § 922(g) charge.  He pleaded guilty to a child-pornography-related charge.  The crime for which Boyd pleaded guilty has no language similar to that struck down by the Supreme Court as unconstitutionally vague in *Johnson* nor did he receive an enhanced sentence due to prior violent felony convictions.  Therefore, *Johnson* has no applicability to Boyd's sentence, his reliance on the decision is misplaced, and his motion is untimely under § 2255(f)(3).

Boyd also filed a motion to take judicial notice, requesting that I consider a decision from the United States Court of Appeals for the Seventh Circuit, *United States v. Vivas-Ceja*, 808 F.3d 719, 721 (7th Cir. 2015).  I have considered this case, which deals with the constitutionality of

wording in 18 U.S.C. § 16(b), wording that is very similar to that in the ACCA struck down by the Supreme Court in *Johnson*. However, § 16(b) has no applicability to Boyd's child-pornography conviction. Accordingly, I will grant his motion, but the *Vivas-Ceja* decision is inapposite and does not provide an avenue for relief.

### III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This __15th__ day of November, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE